UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>           Plaintiff,<br><br>v.<br><br>SOCIETAL CDMO, INC., WAYNE B. WEISMAN, WILLIAM L. ASHTON, WINSTON J. CHURCHILL, J. DAVID ENLOE, JR., BRYAN M. REASONS, JAMES C. MILLER, LAURA L. PARKS, ELENA CANT, and MATTHEW P. ARENS,<br><br>           Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Societal CDMO, Inc. ("SCTL" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company CoreRx, Inc. ("CoreRx").[1]

2. On February 28, 2024, SCTL entered into an Agreement and Plan of Merger ("Merger Agreement") with CoreRx and CoreRx's wholly owned subsidiary Cane Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Sub, Inc. ("Purchaser").  Pursuant to the terms of the Merger Agreement, CoreRx will acquire SCTL in exchange for $1.10 in cash per share of SCTL common stock, via a tender offer (the "Tender Offer").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on March 11, 2024.

3. The Company's corporate directors subsequently authorized the March 11, 2024, filing of a materially incomplete and misleading 14D-9 Solicitation/Solicitation Statement (the "Solicitation Statement") with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The Tender Offer is currently scheduled to expire at one minute following 11:59 p.m., Eastern time, on April 5, 2024.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. SCTL's common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of SCTL common stock.

10. Defendant SCTL is a Pennsylvania corporation with its principal executive offices located at 1 E. Uwchlan Ave, Suite 112, Exton, Pennsylvania 19341. SCTL's shares trade on the Nasdaq Capital Market under the ticker symbol "SCTL." SCTL is a contract development and manufacturing organization ("CDMO") engaged in research and development, manufacturing, and packaging for various therapeutic dosage forms primarily in the small molecules in the United States and internationally. The Company provides therapeutic development, end-to-end regulatory support, clinical and commercial manufacturing, aseptic fill/finish, lyophilization, packaging and logistics services to the global pharmaceutical market.

3

11. Defendant Wayne B. Weisman has been Executive Chairman of the Board and a director of the Company at all relevant times.

12. Defendant William L. Ashton has been a director of the Company at all relevant times.

13. Defendant Winston J. Churchill has been a director of the Company at all relevant times.

14. Defendant J. David Enloe, Jr. has been President, Chief Executive Officer ("CEO"), and a director of the Company at all relevant times.

15. Defendant Bryan M. Reasons has been a director of the Company at all relevant times.

16. Defendant James C. Miller has been a director of the Company at all relevant times.

17. Defendant Laura L. Parks has been a director of the Company at all relevant times.

18. Defendant Elena Cant has been a director of the Company at all relevant times.

19. Defendant Matthew P. Arens ("Arens") has been a director of the Company at all relevant times. Defendant Arens is also the Managing Member, CEO and Senior Portfolio Manager of First Light Asset Management, LLC ("First Light"), which owns approximately 18.8% of the Company's outstanding shares.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On February 28, 2024, CoreRx and the Company jointly announced in relevant part:

> WESTWOOD, CLEARWATER, Fla. and GAINESVILLE, Ga., Feb. 28, 2024 (GLOBE NEWSWIRE) -- Societal CDMO, Inc. ("Societal CDMO") (Nasdaq: SCTL), a contract development and manufacturing organization (CDMO) dedicated to solving complex formulation and manufacturing challenges primarily in small molecule therapeutic development, today announced that it has entered into a definitive agreement with CoreRx, Inc. ("CoreRx") under which CoreRx will acquire Societal CDMO. CoreRx will commence a tender offer to acquire all outstanding shares of Societal CDMO for $1.10 per share in cash, subject to any applicable tax withholding. Societal CDMO's board of directors unanimously approved the transaction and plans to recommend that all shareholders tender their shares in the tender offer.
>
> "We are pleased to enter into this transaction with CoreRx, which delivers substantial value to our shareholders and is the outcome of a thorough review process overseen by the Societal CDMO board of directors," said Wayne Weisman, executive chairman of Societal CDMO's board of directors.
>
> "The enhanced CDMO that will be created through this transaction will be positioned to offer both existing and new customers strength in formulation development, early-stage production, clinical trial services, commercial-scale manufacturing, and a range of packaging services. The prospects for this combined entity to establish itself as a preferred CDMO partner in the small molecule space are bright and we look forward to the opportunity to contribute to the new company's success," said David Enloe, chief executive officer of Societal CDMO. "We are proud to see our team's accomplishments and are truly grateful for the contributions made by all team members to the success of the company. I am confident that this transaction will maximize value for our shareholders."
>
> **Transaction Details**
> Under terms of the merger agreement, CoreRx will promptly commence a cash tender offer to acquire all outstanding shares of Societal CDMO common stock for $1.10 per share in cash, subject to applicable tax withholding, and Societal CDMO has agreed to file a Solicitation Statement containing the unanimous recommendation of its board of directors that Societal CDMO shareholders tender their shares to CoreRx. The transaction is expected to close early in the second quarter of 2024. The transaction is subject to the tender of a majority of

the outstanding shares of Societal CDMO's common stock, as well as other customary closing conditions. Following the successful closing of the tender offer, CoreRx will acquire all remaining shares of Societal CDMO that are not tendered into the tender offer through a second-step merger at the same price of $1.10 per share, without the vote of Societal CDMO shareholders. The merger will be effected as soon as practicable after the closing of the tender offer. Until that time, Societal CDMO will continue to operate as a separate and independent company.

Raymond James & Associates, Inc. is acting as financial advisor to Societal CDMO.

**The Materially Incomplete and Misleading Proxy Statement**

22. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on February 23, 2024. The Solicitation Statement, which recommends that SCTL's stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) SCTL management's financial projections for SCTL and the pro forma company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Raymond James & Associates, Inc. ("Raymond James"); (c) the background of the Proposed Transaction; and (d) potential conflicts of interest faced by Raymond James and Company insiders.

*Material Misrepresentations and/or Omissions Concerning Company Management's Financial Projections*

23. The Solicitation Statement fails to disclose material information concerning SCTL management's financial projections for SCTL and the pro forma company.

24. For example, with respect to the SCTL Management Projections, the Solicitation Statement fails to disclose all line items underlying the Company's projected Adjusted EBITDA and Unlevered Free Cash Flow.

25. Similarly, with respect to the SCTL Management Pro Forma Projections, the Solicitation Statement fails to disclose: (a) Unlevered Free Cash Flow over the projection period; and (b) all line items underlying the pro forma company's projected Adjusted EBITDA and Unlevered Free Cash Flow.

26. The Solicitation Statement further fails to disclose the assumptions underlying the SCTL Management Projections and the SCTL Management Pro Forma Projections.[3]

27. In addition, according to the Solicitation Statement, in connection with Raymond James' *Discounted Cash Flow Analysis*, Raymond James "included the tax savings associated with SCTL's net operating losses (referred to as NOLs) in its calculation of enterprise value."[4] Yet, the Solicitation Statement fails to disclose a summary of the Company's projected net operating losses ("NOLs").

***Material Misrepresentations and/or Omissions Concerning Raymond James' Financial Analyses***

28. The Solicitation Statement fails to disclose material information concerning Raymond James' financial analyses.

29. With respect to Raymond James' *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (a) the terminal values for the Company; (b) the tax savings associated with SCTL's NOLs; and (c) SCTL's current capitalization.

30. With respect to Raymond James' *Selected Transaction Analysis*, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the transactions analyzed by Raymond James; and (b) the Company's last twelve months adjusted

---

[3] *See* Solicitation Statement at 24, 25.

[4] *Id.* at 28.

7

EBITDA (less SBC).

31. With respect to Raymond James' *Selected Companies Analysis*, the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the companies analyzed by Raymond James.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

32. The Solicitation Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

33. According to the Solicitation Statement, SCTL entered into numerous confidentiality agreements during the process leading up to the Proposed Transaction that contained standstill provisions. Specifically, SCTL entered into a confidentiality agreement with (a) a party identified in the Solicitation Statement as "Party A" on August 9, 2022; (b) QHP on October 27, 2023; (c) 39 potentially interested parties contacted by Raymond James in November 2023; and (d) 87 additional parties following Raymond James' outreach beginning in December 2023. *See id*. at 9, 11, 12. The Solicitation Statement fails, however, to disclose the details of the standstill agreements contained in these confidentiality agreements, including whether any of the standstill agreements are "don't ask, don't waive" standstill provisions currently precluding any party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Raymond James' and Company Insiders' Potential Conflicts of Interest*

34. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Raymond James, including whether Raymond James has performed any services for First Light or its affiliates in the two years prior to rendering its

8

fairness opinion and if so, the amount of compensation received in connection with such services.

35. The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of CoreRx's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. The Solicitation Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

36. The omission of the above-referenced information renders statements in the "Certain Unaudited Financial Projections," "Opinion of SCTL's Financial Advisor," "Background of the Offer and the Merger," and "Arrangements with SCTL's Executive Officers" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

37. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of SCTL will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting SCTL stockholders to tender their shares in the Tender Offer.

40. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

41. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

42. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

43. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

44. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

45. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

46. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of SCTL, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

47. Plaintiff repeats all previous allegations as if set forth in full.

48. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

49. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to SCTL stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company and the pro forma company, Raymond James' financial analyses, the background of the Proposed Transaction, and potential conflicts of interest faced by Raymond James and Company insiders.

11

50. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender her shares pursuant to the Tender Offer.

51. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

52. Plaintiff repeats all previous allegations as if set forth in full.

53. The Individual Defendants acted as controlling persons of SCTL within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of SCTL, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities

violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

56. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

57. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, SCTL stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of SCTL, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in SCTL with them from proceeding with, consummating, or closing the Proposed Transaction,

including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

      B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

      D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 22, 2024

**ACOCELLI LAW, PLLC**

By: */s/ Richard A. Acocelli*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Telephone: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*

OF COUNSEL:

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com